UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Julie Teskie,

          Plaintiff,

v.

USI Solutions, Inc.; and DOES 1-10, inclusive,

          Defendant.

Civil Action No.: 17-cv-240

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

For this Complaint, the Plaintiff, Julie Teskie, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Julie Teskie ("Plaintiff"), is an adult individual residing in La Crosse, Wisconsin, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant USI Solutions, Inc. ("USI"), is a business entity with an address of 408 Mill Street, Bristol, Pennsylvania 19007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by USI and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. USI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Wells Fargo (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to USI for collection, or USI was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. USI Engages in Harassment and Abusive Tactics

12. Within the last year, USI contacted Plaintiff in an attempt to collect the Debt.

13. USI failed to properly identify itself to Plaintiff and failed to advise Plaintiff that the call was in an attempt to collect a debt and all information obtained would be used for that purpose. Instead, USI falsely stated it represented the Creditor.

14. Plaintiff verbally disputed the validity of the Debt and requested verification.

15. USI failed to address Plaintiff's dispute and continued calling Plaintiff in an attempt to collect the Debt.

2

16. Furthermore, USI called Plaintiff's brother in an attempt to collect the Debt from Plaintiff.

17. USI disclosed the nature of the call to Plaintiff's brother and falsely stated that he was the primary on the account in question.

18. USI called Plaintiff's brother for purposes other than obtaining or confirming Plaintiff's location information.

19. In addition, USI failed to inform Plaintiff of her rights in writing within five days of the initial contact, including Plaintiff's right to dispute the Debt within 30 days.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

23. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

3. Such other and further relief as may be just and proper.

Dated: March 28, 2017

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L. Cueller, Esq., #15052-49
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897

        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        E-Mail: acueller@lemberglaw.com
        Attorneys for Plaintiff