IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JULIE TESKIE,
      Plaintiff,

  v.

USI SOLUTIONS, INC. and
DOES 1-10,

      Defendants.

ORDER

17-cv-240-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Julie Teskie has brought this action against defendant USI Solutions, Inc. and various Doe defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. On May 22, 2017, USI filed an unsigned letter response to this civil action. Dkt. #4. Although a blank email with the name Charles Riter is attached to the letter, it does not appear that Charles Riter drafted the pleading or that he is a licensed attorney representing USI. The deadline for answering the complaint was April 24, 2017. Dkt. #3.

  Under Fed. R. Civ. P. 11, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." It is well established that a corporation may appear in the federal courts only through licensed counsel. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003); Kipp v. Royal & Sun Alliance Personal Insurance

1

Co., 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002). Thus, defendant USI's answer has not been properly filed because it is not signed by an attorney.

I will give defendant USI until June 21, 2017 to retain counsel and file another answer signed by counsel. Operating Engineers Local 139 Health Fund v. Rawson Plumbing, Inc., 130 F. Supp. 2d 1022, 1024-25 (E.D. Wis. 2001) (applying same requirement in similar situation); Wisconsin Laborers Health Fund v. CDB Enterprise, LLC, no. 09-cv-619-bbc, 2009 WL 5097170, at *1 (W.D. Wis. Dec. 16, 2009) (same). If, by then, defendant USI does not file an answer signed by counsel, I will direct the clerk to enter a default against defendant pursuant to Fed. R. Civ. P. 55(a).

I note that this order does not address the fact that defendant did not file a timely answer in accordance with Fed. R. Civ. P. 12(a)(1) and makes no finding on whether there is good cause for allowing defendant to file its answer late. Rule 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time" only "on motion made after the time has expired if the party failed to act because of excusable neglect").

ORDER

IT IS ORDERED that defendant USI Solutions, Inc. may have until June 21, 2017, in which to file an answer that complies with Fed. R. Civ. P. 11(a). If defendant fails to file

a proper answer by that date, the clerk of court is directed to enter default against it.

Entered this 23d day of May, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge